FILED
SUPERIOR COURT
OF GUAM

2022 JAN -4 PM 1: 14

CLERK OF COURT

By:_____

IN THE SUPERIOR COURT OF GUAM

| | | |
|---|---|---|
| PEOPLE OF GUAM, | ) | CRIMINAL CASE NO. CF0426-18 |
| | ) | |
| | ) | |
| vs. | ) | |
| | ) | DECISION AND ORDER |
| | ) | DENYING DEFENDANT'S |
| **ERIC JUAN PALACIOS QUITUGUA,** | ) | MOTION TO DISMISS INDICTMENT |
| DOB: 01/11/1998 | ) | |
| | ) | |
| Defendant. | ) | |

## A. INTRODUCTION

This matter came before the Honorable Judge Maria T. Cenzon upon the Defendant's Motion to Dismiss the Indictment. The People of Guam are represented by Assistant Attorney General Christine S. Tenorio. The Defendant, Eric Juan Palacios Quitugua ("Quitugua"), is represented by Alternate Public Defender Heather M. Zona. Following the hearing on the Motion, the court took the matter under advisement pursuant to Supreme Court of Guam Administrative Rule 06-001 and CVR 7.1(e)(6)(A) of the Local Rules of the Superior Court of Guam.[1] After reviewing the Parties' written briefs and the record on file with the court, the arguments presented at the Motion Hearing, and the applicable statutes and case law, the Court DENIES the Defendant's Motion to Dismiss the Indictment for the reasons set forth herein.

---

[1] This matter was stayed upon the request of the parties from March 16, 2021, pending the consideration of Defendant's interlocutory appeal by the Guam Supreme Court, until December 14, 2021, upon this Court's issuance of the Order Lifting Stay (Dec. 16, 2021).

## B. BACKGROUND

On July 17, 2018, Quitugua was indicted for Three Counts of Second Degree Criminal Sexual Conduct (As a First Degree Felony). See Indictment (July. 17, 2018). The prosecution called two witnesses, Officer Elizabeth Flickenger and Officer Troy Lizama, to testify before the grand jury, which convened on July 17, 2018. See Def.'s Mot. to Dismiss (July 7, 2020). Officer Flickenger testified as to the information contained in the police report related to this matter. Id. Officer Lizama read hand-written notes that were purportedly drafted by an employee of the Healing Heart Crisis Center. Id. Neither Officer Flickenger, nor Officer Lizama, participated in the investigation of Quitugua or wrote the reports relied upon while the grand jury was convened. Id. The grand jury heard testimony for a total of eighteen (18) minutes and did not ask any questions. Id. The grand jury then promptly returned an Indictment charging Quitugua. See Min. Entry (July 7, 2018).

On July 7, 2020, Quitugua filed the instant motion seeking a dismissal of the Indictment, claiming the grand jury relied on incompetent evidence which resulted in a violation of his due process rights. See generally Def.'s Mot. to Dismiss (July 7, 2020). The People filed their opposition on July 23, 2020. See People's Opp'n to Def.'s Mot. to Dismiss (July 23, 2020). Quitugua filed a reply on August 3, 2020, and, without seeking leave of Court to do so, filed a Supplemental Notice of Additional Relevant Authorities on August 19, 2020. See Def.'s Reply (Aug. 3, 2020); Def.'s Notice of Additional Authority (Aug. 19, 2020). The Court set the matter for a hearing on Defendant's Motion for August 27, 2021, however, the Defendant filed an Interlocutory appeal of an order unrelated to the motion to dismiss and the matter was accepted by the Guam Supreme Court on September 24, 2021. The parties sought a stay of the proceedings pending the outcome of the Interlocutory Appeal. Stip. and Order Granting Stay

Pending Appeal (April 9, 2021).

The appeal now having been concluded as if the issuance of Supreme Court Opinion in *People v. Quitugua*, 2021 Guam 20 (Dec. 10, 2021), the Court lifted the stay and now issues its Decision and Order denying Defendant's Motion.

## C. DISCUSSION

Under Guam law, "[t]he grand jury shall receive only competent evidence." 8 GCA § 50.42. However, this provision operates with the caveat that "[t]he fact that evidence which is incompetent was received by the grand jury does not render the indictment void where sufficient competent evidence to support the indictment was received by the grand jury." Id. Here, Quitugua argues that "no competent evidence was presented to the grand jury whatsoever." Def.'s Mot. to Dismiss, at 9 (July 7, 2020). Rather, "[t]he police report was hearsay [because] it purportedly contained statements of witnesses as reported to police officers, none of whom testified before the grand jury, and all of the statements were offered for the truth of the matter asserted." Id. Likewise, "the notes from an individual at another agency altogether were hearsay." Id. By implication, the Defendant asserts that hearsay is incompetent evidence and because the grand jury relied on hearsay statements presented to it, the indictment should be dismissed under 8 GCA § 50.42. Id. at 8. This argument misapprehends the law.

The Supreme Court of the United States has found that allowing trial courts to review the findings of a grand jury "would run counter to the whole history of the grand jury institution, in which laymen conduct their inquiries unfettered by technical rules." *Costello v. U.S.*, 350 U.S. 359, 364 (1956). Further, the *Costello* court opined: "No case has been cited nor have we been able to find any, furnishing an authority for looking into and revising the judgment of the grand jury upon the evidence, for the purpose of determining whether or not the

finding was founded upon sufficient proof . . . ." Id. (quoting *U.S. v. Reed*, 27 F. Cas. 727, 738 (N.D.N.Y. 1852)).

However, while the Supreme Court has held that there exists no constitutional prohibition against presenting hearsay to a grand jury, "the Territory of Guam is not precluded from establishing a more restrictive rule." *People of Territory of Guam v. Quidachay*, 815 F.3d 1311, 1312 (9th Cir. 1987). Title 8 of the Guam Code Annotated, Section 50.42 contains a Compiler's Note which reads as follows:

> Section 50.42, as amended by P.L. 15–94, § 7, lowers the standard of evidence required to be presented before the grand jury, requiring that evidence only be competent, rather than requiring that evidence be admissible over objection at a trial. The former section, which was substantively the same as § 939.6 of the California Penal Code, proved unworkable and led to many unnecessary reversals and dismissals of indictments for purely technical reasons. In most instances, the indictments were resubmitted and new indictments returned by the grand jury. No rights of the defendants were materially helped by the former section, but delays were frequent. There have been few, if any interpretations of this amended section since its adoption, but indictments have proceeded in a smoother fashion.

8 GCA § 50.41, Compiler's Note.

Discussing the District Court's analysis, the Ninth Circuit found that the Note "indicates that the legislature sought to lessen the restriction on evidence that could be presented to a grand jury." *Quidachay* at 1312 (emphasis added). Finally, the appellate court ruled that "the Guam Legislature, by amending the requirement that the evidence presented to a grand jury must be 'evidence which would be admissible ... at trial' to a requirement that it be 'competent evidence,' desired to eliminate the technical requirements of the rules of evidence but preserve some requirement of reliability." Id. at 1313.

As the court in *People v. Quidachay* stated in reference to *Costello*, the function of a grand jury is only to determine whether evidence is sufficient to charge a person with a crime.

The *Costello* court interpreted the meaning of "competent evidence" in 8 G.C.A. § 50.42 to create minimal restrictions of reliability. *Quidachay* developed the standard further by stating that if the evidence is such that a reasonable person would rely upon, then it is competent within the meaning of the statute. *People v. Quidachay*, 815 F.2d 1311, 1313 (9th Cir. 1987). *Costello* and *Quidachay* remain good law today. Accordingly, "[t]here is no authority to support the proposition that in order for evidence to be competent, a testifying witness must have participated in preparation of the report and must have personal knowledge of the preparation of the report." *People v. Galendez*, CF0104-13, at 4 (Super. Ct. Guam Oct. 17, 2013).

As such, the evidentiary standard for the grand jury proceedings falls more closely in line with a reasonableness standard and not one of admissibility, as was argued by the Defendant. The officer's testimony in the grand jury proceeding regarding the police report upon which the charges were based, even if hearsay, does not fall below the standard of "competent evidence" articulated in *Quidachay* and provides a sufficient basis for the Indictment. Likewise, the hand-written note purportedly drafted by an employee of the Healing Heart Crisis Center is competent evidence because a reasonable person would rely upon it. Therefore, as competent evidence, the note provides a sufficient basis for the Indictment.

Because the Court finds *People v. Quidachay* is still good law and, more importantly, controlling precedent upon this Court as specifically addressed in *In Re Camacho*, applying the law to the circumstances, the Court finds that the hearsay testimony of the witnesses presented to the grand jury is sufficient under 8 GCA § 50.54 and the Court DENIES the motion to dismiss the Grand Jury indictment merely because it was based on hearsay testimony.

//

//

## D. Conclusion

For the reasons set forth above, the Court hereby DENIES the Defendant's Motion to Dismiss the Indictment. Trial dates shall be issued under separate cover.

SO ORDERED this ___JAN 0 4 2022___ .

HONORABLE MARIA T. CENZON
Judge, Superior Court of Guam

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:

___AG, APD___

Date: _1|4|22_ Time: _1:30_

Deputy Clerk, Superior Court of Guam